IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **ROBERT S. HILLARD,** | ) | **CASE NO. 4:08CV3139** |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **STATE OF NEBRASKA,** | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on Petitioner's Motion for Copies (Filing No. 7), Motion to Appoint Counsel (Filing No. 10) and Motion for Documents (Filing No. 14). Petitioner requests that the court send him copies of his Petition. (Filing No. 7.) However, the statutory right to proceed in forma pauperis does not include the right to receive copies of documents without payment. 28 U.S.C. § 1915; *see also* *Haymes v. Smith*, 73 F.R.D. 572, 574 (W.D.N.Y. 1976) ("The generally recognized rule is that a court may not authorize the commitment of federal funds to underwrite the necessary expenditures of an indigent civil litigant's action.") (citing *Tyler v. Lark*, 472 F.2d 1077 (8th Cir. 1973), other citations omitted). If Petitioner requires copies of court documents, he should contact the Clerk of the court to determine the proper method of requesting and paying for copies.

Petitioner also seeks the appointment of counsel. (Filing No. 10.) "There is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment] is committed to the discretion of the trial court." *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997). As a general rule, counsel will not be appointed unless the case is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required. *See, e.g.*, *Morris v. Dormire*, 217 F.3d 556, 558-59 (8th Cir. 2000), *cert. denied*, 531 U.S. 984 (2000); *Hoggard v. Purkett*, 29 F.3d 469,

471 (8th Cir. 1994) (citations omitted).  *See also* Rule 8(c) of the *Rules Governing Section 2254 Cases in the United States District Courts* (requiring appointment of counsel if an evidentiary hearing is warranted.)  Thus, there is no need for the appointment of counsel at this time.

Petitioner's Motion for Documents requests that several state-court documents be submitted to Petitioner and to the court. (Filing No. 14.)  Respondent filed a Response to Petitioner's Request for Documents. (Filing No. 15.)  In its Response, Respondent states that it will provide copies of two of the three documents requested to Petitioner, without objection. (*Id.* at CM/ECF p. 2.)  These two documents were filed with the court, but were not previously provided to Petitioner.  (*Id.*)

Respondent objects to the production of the third requested document, a pro se brief filed in, but stricken by, the Nebraska Court of Appeals.  (*Id.* at CM/ECF p. 1.)  The court finds that this document is relevant to the issues raised in Respondent's Motion for Summary Judgment. (Filing No. 12.)  Respondent shall therefore have until October 17, 2008 to file the additional document with the court.  Petitioner shall then have until November 17, 2008, to respond to the Motion for Summary Judgment.  The court cautions Petitioner that even though the document is relevant to the issues before the court, it makes no finding regarding whether he has indeed exhausted his state court remedies.

IT IS THEREFORE ORDERED that:

1. Petitioner's Motion for Copies (Filing No. 7) is denied;

2. Petitioner's Motion to Appoint Counsel (Filing No. 10) is denied;

3. Petitioner's Motion for Documents (Filing No. 14) is granted.  Respondent

      shall file the documents requested by Petitioner no later than October 17, 2008; and

4.     Petitioner shall have until November 17, 2008, to respond to the pending Motion for Summary Judgment. Respondent shall have until December 17, 2008, to file a reply in support of its Motion.

DATED this 7th day of October, 2008.

                              BY THE COURT:

                              s/Laurie Smith Camp
                              United States District Judge