**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **ROBERT S. HILLARD,** | ) | **CASE NO. 4:08CV3139** |
| | ) | |
| **Petitioner,** | ) | |
| | ) | **MEMORANDUM** |
| v. | ) | **AND ORDER** |
| | ) | |
| **STATE OF NEBRASKA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

This matter is before the court on Respondent's Motion for Summary Judgment. (Filing No. 12.) The parties have submitted Briefs (Filing Nos. 13, 20, and 22), and Respondent has also submitted State Court Records (Filing No. 11).

Liberally construing the allegations contained in Petitioner's Petition for Writ of Habeas Corpus ("Petition") (Filing No. 1), Petitioner argues that his Petition should be granted for the following reasons:

Claim One: Petitioner's conviction was obtained in violation of the constitution because "the sheriff took [his] ability to call 911."

Claim Two: Petitioner's conviction was obtained in violation of the constitution *because* he is "innocent and acted in good faith," and under the circumstances, he did not understand that his conduct was prohibited.

As set forth in this Memorandum and Order, Respondent's Motion is granted, and Petitioner's Habeas Claims are dismissed without prejudice.

## *I.   BACKGROUND*

After a jury trial in the District Court of Jefferson County, Nebraska, on September 25, 2007, Petitioner was convicted of one count of driving under suspension, one count of refusal to submit to a chemical test, and one count of failure to appear on a felony. (Filing No. 11-3, Attach. 2, at CM/ECF pp. 2-3.) On December 6, 2007, Petitioner was sentenced

to 20 to 60 months imprisonment for driving during suspension, 60 days imprisonment for refusal to submit to a chemical test, and 20 to 60 months imprisonment for failure to appear on a felony. (*Id.* at CM/ECF p. 4.) The state district court ordered that the sentence for refusal to submit to a chemical test run concurrent to the sentence for driving under suspension, and that the sentence for failure to appear on a felony run consecutive to the other two sentences. (*Id.*) On February 20, 2008, Petitioner filed a notice of appeal in the state district court indicating his intent to appeal his sentence and the state district court's overruling of two separate motions for new trial.[1] (Filing No. 11-5, Attach. 4, at CM/ECF p. 1.) This appeal is currently pending before the state courts in *State v. Hillard*, A-08-176. (Official Nebraska Government Website - Nebraska Judicial Branch, http://www.supremecourt.ne.gov/appeals-court/call-coa.shtml?sub2 (last visited Dec. 17, 2008).) Petitioner's Habeas Claims were not raised in the pending appeal (Filing No. 11-6, attach. 5, at CM/ECF p. 9), and Petitioner has not filed a motion for post-conviction relief in state district court.[2] (Filing No. 11-9, Attach. 8, at CM/ECF pp. 5-26.)

## II. ANALYSIS

Respondent argues that Petitioner's claims are unexhausted. (Filing No. 13.) Petitioner responds that "he has at least tried and attempted to exhaust his state court

---

[1] Petitioner filed three state court appeals involving these convictions. (Filing No. 11-3, Attach. 2, at CM/ECF p. 1; Filing No. 11-5, Attach. 4, at CM/ECF p. 1; and Filing No. 11-8, Attach. 7, at CM/ECF p. 1.) Two were dismissed for lack of jurisdiction (Filing No. 11-3, attach. 2, at CM/ECF p. 6; Filing No. 11-7, attach. 6, at CM/ECF p. 2), and one is pending before the Nebraska Court of Appeals (Official Nebraska Government Website - Nebraska Judicial Branch, http://www.supremecourt.ne.gov/appeals-court/call-coa.shtml?sub2 (last visited Dec. 17, 2008).

[2] Petitioner argues that his Habeas Claims were raised in a pro se brief in the pending appeal; however, that brief was stricken by the appellate court and is not included in the record before this court. (Filing Nos. 14 and 15.)

2

remedies, however, due to ineffective assistance of counsel, Petitioner is now barred from post-conviction relief." (Filing No. 20 at CM/ECF p. 20.)

As set forth in 28 U.S.C. § 2254(b)(1):

(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–

    (A) the applicant has exhausted the remedies available in the courts of the State; or

    (B) (i) there is an absence of available State corrective process; or
        (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

The United States Supreme Court has explained the habeas exhaustion requirement as follows:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

*O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A state prisoner must therefore "fairly present" the substance of each federal constitutional claim to the state courts *before* seeking federal habeas relief. *Id.* at 844. In Nebraska, "one complete round" ordinarily means that each § 2254 claim must have been presented in an appeal to the Nebraska Court of Appeals, and then in a petition for further review to the Nebraska Supreme Court if the Court of Appeals rules against the petitioner. See *Akins v. Kenney*, 410 F. 3d 451, 454-55 (8th Cir. 2005).

Here, Petitioner did not invoke one complete round of the Nebraska appellate review process, as Petitioner's direct appeal is still pending before the state courts. (Official

3

Nebraska Government Website - Nebraska Judicial Branch, http://www.supremecourt.ne.gov/appeals-court/call-coa.shtml?sub2 (last visited Dec. 17, 2008).) Petitioner did not raise his Habeas Claims in the pending appeal, or in his previous appeals. Although Plaintiff argues that he will be procedurally barred from doing so in a post-conviction action (Filing No. 20 at CM/ECF p. 20), such a determination has not yet been made in the state courts. In short, Petitioner has not exhausted his claims[3].

IT IS THEREFORE ORDERED that:

1. Respondent's Motion for Summary Judgment (Filing No. 12) is granted, and Petitioner's claims are dismissed without prejudice;

2. A separate judgment will be entered in accordance with this Memorandum and Order; and

3. Plaintiff's Motion to Expedite (Filing No. 21) is denied as moot.

DATED this 18th day of December, 2008.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

---

[3]To be clear, the Petition is dismissed because the claims are premature, or "unripe." The court makes no finding on the merits of the Petition and a subsequent petition raising these claims should not be considered "successive" based on this Memorandum and Order. See *Stewart v. Martinez-Villareal*, 523 U.S. 637, 644 (1998) (holding that habeas corpus claims are successive only if they were previously decided on the merits and stating that "none of our cases expounding this doctrine have ever suggested that a prisoner whose habeas petition was dismissed for failure to exhaust state remedies, and who then did exhaust those remedies and returned to federal court, was by such action filing a successive petition"); *Singleton v. Norris*, 319 F.3d 1018, 1023 (8th Cir. 2003) (noting that "[a] claim raised in a prior petition that was dismissed as unripe" is not considered successive);